FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR MEDINA (02),<br><br>Defendant. | No.  4:18-cr-6024-SMJ-2<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, is Defendant Hector Medina's motion for a sentence reduction, ECF No. 172. Having reviewed the record in this matter, the Court is fully informed and denies the motion.

## BACKGROUND

On August 1, 2019, this Court sentenced Defendant to 180 months' imprisonment and sixty months' supervised release after he pleaded guilty to one count of conspiracy to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. ECF Nos. 140, 142. Defendant is currently housed at Sheridan FCI in Sheridan, Oregon with a projected release date of February 27, 2031. *BOP Inmate Locator*, BOP (last accessed Feb. 10, 2022), https://www.bop.gov/inmateloc/.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

Defendant now seeks compassionate release because of the risks created by the coronavirus (COVID-19) pandemic. ECF No. 172. Defendant, 39, claims to suffer from obesity, post-traumatic stress disorder, early-onset arthritis, and asthma. ECF No. 172 at 1. He submits that, given these conditions, he is more likely to suffer severe outcomes if he contracts COVID-19. *Id.* He also uses a cane due to a leg injury and argues that, due to the lockdowns imposed to reduce the spread of COVID-19 within his facility, he is unable to exercise and receive the appropriate treatment for his leg and early-onset arthritis. *Id.* Defendant previously contracted COVID-19 in August 2021 and continues to suffer from the effects of "long-haul symptoms." *Id.*

As of February 10, 2022, FCI Sheridan has had at least 495 case of COVID-19, and at least two inmates have died. COVID-19 Cases, BOP (last accessed Feb. 10, 2022), https://www.bop.gov/coronavirus/. BOP currently lists 182 active inmate cases and 8 cases among staff. *Id.*

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

## DISCUSSION

**A.    Defendant exhausted his administrative remedies**

Having reviewed the materials Defendant submitted with his motion for early release, the Court concludes he has satisfied the requirement of administrative exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, it appears Defendant sought relief from the warden of his facility on November 20, 2021. ECF No. 172 at 1. More than thirty days have elapsed since the receipt of Defendant's request to the warden. As a result, the Court is satisfied Defendant has met the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

**B.    Defendant has not demonstrated extraordinary and compelling reasons warranting release**

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3

sentence to time served. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Further, the crime of conviction is a serious offense, warranting 180 months of incarceration.

In support of his motion for compassionate release, Defendant asserts that he suffers from obesity and asthma. *Id.* The CDC reports that each of these factors put a person at greater risk of suffering from severe illness if they contract COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Feb. 10, 2022).

Given the high number of active cases of COVID-19 at FCI Sheridan, Defendant is rightly concerned about the spread of the virus in his facility. But despite BOP's struggles to control the spread of COVID-19 in its facilities and Defendant's medical conditions, Defendant articulates no "extraordinary" diagnoses that warrant early release. Defendant also reports that he has already contracted COVID-19 and, although he still suffers some of its long-term effects, has avoided the most severe outcomes associated with the virus. Given this, the Court finds that Defendant remains able to adequately manage his health conditions while incarcerated—so the Court finds his situation falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

Finally, the Court must consider the Section 3553(a) factors. Along with the kinds of sentences available and the sentencing range established by the guidelines,

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 4

Section 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

Despite the increased risk posed by the pandemic, the Court concludes that Defendant's sentence continues to reflect the concerning nature and circumstances of the offense and avoids unwarranted sentencing disparities. Defendant has now served approximately 45 months of his 180-month sentence. Defendant states he is making strides toward rehabilitation, including participating in drug and alcohol treatment as well as having earned his GED. While the Court commends Defendant for his good behavior during his term of incarceration, that does not erase the nature of his crime. Defendant, who at the time of his sentencing had 13 criminal history points, was involved in the sale of fentanyl that resulted in the death of another, which the Court considers a serious offense. Defendant's punishment remains just and will protect the public.

Ultimately, the pandemic represents a serious, but not extraordinary, risk to Defendant, and the sentencing criteria do not favor a reduction in his sentence.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion for a sentence reduction, **ECF No. 172**, is **DENIED**.

2. The Court's Order is confined to Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582. To the extent Defendant seeks to bring a constitutional claim, such as a claim challenging the conditions of his confinement, Defendant must file those claims in a separate suit with the appropriate court.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

**DATED** this 11th day of February 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge